UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MANDELE KELLEY,

        Plaintiff,

v,                                        CASE NO. 2:19-CV-10685
                                        HONORABLE VICTORIA A. ROBERTS

HISSONG, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

I.

Michigan prisoner Marcus Mandele Kelley ("Plaintiff") filed a *pro se* civil rights complaint and a supplemental complaint pursuant to 42 U.S.C. § 1983. The Court granted him leave to proceed without prepayment of the filing fee. Plaintiff's original complaint concerns his prison legal mail, the grievance process, his personal property, and a prison transfer (which forced him out of a college education program) while he was confined at the Parnall Correctional Facility ("SMT") in Jackson, Michigan. He names Prison Counselor Hissong, Resident Unit Manager Walton, Mailroom Employee Metellus, Warden M. Braman, Grievance Coordinator C. Whitford, and an unidentified ("John Doe") Property Room Manager as defendants (collectively the "SMT defendants"). Plaintiff sues them in their personal capacities for monetary damages and other appropriate relief.

Plaintiff's supplemental complaint concerns prison misconduct charges and his security classification (which forced him out of a college education program), access to disinfectant, the grievance process, verbal harassment, and another prison transfer while he was confined at the

Adrian Correctional Facility ("ARF") in Adrian, Michigan. He names Assistant Deputy Warden Messer, Prison Counselor Bates, Corrections Officer Reasoner, Prison Counselor Condon, Warden Campbell, Jackson College Program Coordinator Costello, Vocational Village Electrical Instructor Male, Administrative Assistant Heard, and Corrections Officers Perez and Gee as the defendants (collectively the "ARF defendants") in his supplemental complaint and sues them in their personal capacities for monetary damages and other appropriate relief. Over the two complaints, Plaintiff alleges violations of his right of access to the courts, his right to file grievances and obtain relief, his property rights, his right to a safe environment, and his equal protection and due process rights. He also raises claims of conspiracy and retaliation.

Having reviewed the original and supplemental complaint, the Court shall dismiss them in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable

2

basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009);

3

*Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court finds that Plaintiff's complaint and supplemental complaint are subject to summary dismissal in part.

III.

First, Plaintiff's claims against certain defendants, such as Warden Braman, Warden Campbell, Assistant Deputy Warden Messer, and Administrative Assistant Heard, based upon their supervisory roles over other defendants must dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Thus, to the extent that Plaintiff alleges that the afore-mention defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted. Assertions that one or more of the defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, to the extent that Plaintiff asserts that one or more of the defendants, including Warden Braman, Grievance Coordinator Whitford, and Warden Campbell, violated his

4

constitutional rights by denying his grievances or complaints, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Third, to the extent that Plaintiff complains that certain defendants, namely defendants Messer, Perez, and Gee, made threatening remarks or verbally harassed him, he fails to state a claim upon which relief may be granted. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a

5

section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Plaintiff's claims against the defendants involving verbal harassment are thus subject to dismissal.

Fourth, to the extent that Plaintiff alleges violations of state law or MDOC policy or procedures, such as with his claims against Corrections Officer Reasoner and Instructor Male, he fails to state a claim upon which relief may be granted. Section 1983 remedies violations of federal law, not state law or prison policy. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007). Alleged violations of a Michigan law or an MDOC policy do not rise to the level of a violation or deprivation of a right guaranteed by the United States Constitution cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94–2347. 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and

procedures does not amount to a constitutional violation."). Plaintiff's claims concerning alleged violations of state law or MDOC policy must therefore be dismissed.

Fifth, Plaintiff fails to state a claim upon which relief may be granted against the unidentified Property Room Manager, or any other defendants, concerning the alleged deprivation of his personal property. In *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), the United States Supreme Court ruled that a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's property claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to sustain this burden requires dismissal of the claim. *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

In this case, Plaintiff neither alleges nor establishes that state post-deprivation remedies are inadequate. In fact, several state post-deprivation remedies are available. A prisoner may petition the Prisoner Benefit Fund for compensation, MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013), submit a claim for property loss of less than $1,000 to the State Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013), and/or bring a tort or contract action in the Court of Claims "against the state and any of its departments,

7

commissions, boards, institutions, arms, or agencies," Mich. Comp. Laws § 600.6419(1)(a). The United States Court of Appeals for the Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for the deprivation of property. *Copeland*, 57 F.3d at 480. Moreover, Plaintiff indicates in his supplemental complaint that he recently received monetary compensation for his loss of property through state procedures. He thus fails to show that he was denied due process or to otherwise state a claim upon which relief may be granted as to this issue.

Sixth, Plaintiff fails to state an access to the courts claim in his pleadings. In his complaint, he asserts that Counselor Hissong, RUM Walton, and Mailroom Employee Metellus failed to timely file a check for a state court filing fee, which caused the court to refuse to file his case, and that they did not send copies of the complaint to defendants in that case via certified mail. He contends that such actions violated his right of access to the courts.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351. Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a

court-imposed deadline. *Id*. at 353; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christoper v. Harbury*, 536 U.S. 403, 415 (2002). Additionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

Plaintiff fails to meet these requirements. While he provides a state court case number, he does not explain the legal basis for that proposed action nor show that a non-frivolous claim was denied/not filed due to the defendants' conduct. To be sure, the exhibits attached to the complaint indicate that the case was essentially dismissed without prejudice for the failure to timely submit the filing fee. Plaintiff fails to explain why he did not simply file a new state court case with payment of the required fee. There is also no indication that the case was dismissed based upon any failure to serve the defendants by certified mail. Furthermore, Plaintiff fails to allege facts which show that the defendants acted intentionally as opposed to negligently with respect to his legal mail. He thus fails to state a denial of access to the courts claim in his complaint.

Seventh, Plaintiff fails to state an equal protection claim in his complaints. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff makes no such factual allegations. Prisoners are not

9

members of a protected class for equal protection purposes, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and Plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated. Conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombl*y, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff fails to state an equal protection claim in his pleadings and such claims must be dismissed.

Eighth, Plaintiff fails to state a due process claim in his complaints. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir. 1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience...or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). Plaintiff makes no such showing. Rather, his due process claims are purely conclusory. As noted, conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff fails to state a due process claim in his complaints.

Ninth, Plaintiff fails to state an Eighth Amendment claim in his supplemental complaint. Plaintiff alleges that defendants Reasoner and Instructor Male prevented him from disinfecting a

toilet on a total of three occasions. The Eighth Amendment prohibits the imposition of "cruel and unusual punishment" upon prisoners and requires that prisoners not be subject to conditions of confinement which involve the "unnecessary and wanton infliction of pain," contravene society's "evolving standards of decency," or deprive them of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 345-47 (1981); *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). To prevail on such a claim, a prisoner must show that he or she faced a sufficiently serious risk to health or safety and that the defendant acted with deliberate indifference. *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

In this case, the alleged denial of toilet disinfectant on three occasions does not rise to the level of a serious deprivation of basic human needs or the wanton and unnecessary infliction of pain, nor does it create a serious risk to health or safety as envisioned by the Eighth Amendment. Moreover, Plaintiff fails to allege or establish that he suffered any injury as a result of these isolated incidents where he was not allowed to use cleaning supplies. He thus fails to state an Eighth Amendment claim in his supplemental complaint.

Tenth, Plaintiff fails to state a conspiracy claim in his complaints. In his pleadings, he broadly alleges that the defendants engaged in a conspiracy against him. To state a conspiracy claim

under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. In this case, Plaintiff's conspiracy claims are vague and conclusory without specific factual allegations. As noted, conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91, including a conspiracy claim, *see Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff fails to state a conspiracy claim against the defendants in his pleadings.

Eleventh, to the extent that Plaintiff challenges his prison classifications, his prison transfers, and his lost educational or work opportunities, in and of themselves, he fails to state a claim upon which relief may be granted under § 1983. Prison officials have broad discretion in the internal management of prisons. *Hewitt v. Helms*, 459 U.S. 460 (1983). A prisoner has no constitutional entitlement to a particular classification, *see Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a classification and security determination did not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (ruling that due process is not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); to remain in the general prison population, *Hewitt, supra*, or to be free from transfer to another institution. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976). Similarly, a prisoner has not

constitutional right to an education, rehabilitation, or a job. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003). Plaintiff thus fails to state a claim upon which relief may be granted as to any such claims.

Twelfth, to the extent that Plaintiff alleges that any of the defendants acted negligently with respect to his conditions of confinement, he fails to state a claim upon which relief may be granted. It is well-settled that negligent conduct does not rise to the level of a constitutional violation under § 1983. *See Collins v. City of Harker Hghts.*, 503 U.S. 115 (1992); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010). Any claims of mere negligence must therefore be dismissed.

Lastly, the Court finds that Plaintiff's claims against the defendants concerning the alleged intentional refusal to file grievances and the alleged acts of retaliation for filing grievances and complaints, including retaliatory prison classification and transfer, are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he pleads sufficient facts to state potential claims for relief.

IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims based upon supervisory liability, the denial of his grievances or complaints, verbal harassment, violations of MDOC policy or state law, his access to the courts, equal protection, due process, the denial of disinfectant, conspiracy, his prison classification, transfer, or education/work opportunities, and negligence. Accordingly, the Court **DISMISSES** those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). As a result of this dismissal, the following defendants, Corrections Officers Perez, Gee, and Reasoner, the

unidentified Property Room Manager, and Instructor Male and no longer have claims pending against them and are **DISMISSED** from this action.

The Court further concludes Plaintiff's claims against the remaining defendants concerning the alleged failure to file grievances and the alleged retaliation for the filing of grievances and complaints survive the Court's initial screening procedure under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2019